IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DAVID STEBBINS                                                                                      PLAINTIFF

v.                            Civil No. 11-3025

NET-ARB, INC.                                                                                     DEFENDANT

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

David Stebbins filed this *pro se* action against an online arbitration service, NET-ARB, Inc. Stebbins has also submitted an application to proceed *in forma pauperis* (IFP)(Doc. 3).

Under the provisions of the IFP statute, the Court is obligated to screen any complaint in which the Plaintiff seeks to proceed IFP. 28 U.S.C. § 1915(e)(2). The Court is to dismiss the case if it determines that the case is: frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a Defendant who is immune from such relief. *Id.*

**Discussion**

According to the allegations of the complaint, NET-ARB is an online arbitration firm that provides arbitration services for only $299. On March 21, 2011, Stebbins sent an e-mail to Defendant using the company e-mail address, support@net-arb.com.

Stebbins maintains the e-mail contained a "counter-offer" to Defendant's terms. The e-mail provided that he was "going to file a case with them, soon, and they accept the counter-offer if they cancel the registration, but tell me about it. To reject the contract, they must cancel the registration, but NOT tell me about it." The "counter-offer" also stated that if Defendant did "not accept my invitation to arbitrate within 24 hours of receiving it, I automatically win, regardless of the merits of the case."

-1-

Stebbins alleges that on March 24th, he attempted to file a case against someone using NET-ARB. NET-ARB canceled the registration and informed him about it. Now, according to a "forfeit victory clause" Stebbins maintains he automatically wins.

Stebbins has alleged the Court has jurisdiction by virtue of the existence of diversity of citizenship. Diversity jurisdiction turns on two issues, is there complete diversity of citizenship between the parties, and does the amount in controversy exceed $75,000." *Northport Health Services of Arkansas, LLC v. Rutherford*, 605 F.3d 483, 486 (8th Cir. 2010).

Stebbins alleges he is a citizen of Arkansas and indicates NET-ARB is owned by Marty Lavine who is a citizen of Georgia. However, Stebbins has indicated NET-ARB is a corporation. With respect to corporations, the entity is regarded as being a citizen of the state in which it is incorporated and in which it maintains its principal place of business. 28 U.S.C. § 1332(c)(1). Stebbins has not provided the Court with this information.

Even assuming there is complete diversity of citizenship, the amount in controversy is lacking. Stebbins alleges only that he attempted to submit an arbitration claim and the charge for NET-ARB is $299.

Additionally, the Federal Arbitration Act (FAA) does not itself bestow federal jurisdiction; Instead, there must be an independent jurisdictional base. *Hall St. Assocs, LLC v. Mattel, Inc.*, 552 U.S. 576 (2008). No other basis of federal court jurisdiction exists.

## Conclusion

For the reasons stated, I recommend that the motion to proceed IFP (Doc. 3) be denied and the case dismissed.

**Stebbins has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely**

AO72A
(Rev. 8/82)

**objections may result in waiver of the right to appeal questions of fact. Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 14th day of April 2011.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE

AO72A
(Rev. 8/82)